UNITED STATES of America,
Plaintiff—Appellee,

v.

Ryan Martais NESBITT, Defendant—
Appellant.

No. 03–4522.

United States Court of Appeals,
Fourth Circuit.

Submitted June 24, 2004.

Decided July 1, 2004.

Harry L. Devoe, Jr., New Zion, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

PER CURIAM:

Ryan Martais Nesbitt appeals from his one hundred twenty month sentence imposed following his guilty plea to conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base (crack) and five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (2000). Nesbitt's counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there were no meritorious issues for appeal, but addressing the propriety of the colloquy pursuant to Fed. R.Crim.P. 11. Nesbitt was informed of his right to file a pro se brief, but has not

done so. Because our review of the record discloses no reversible error, we affirm Nesbitt's conviction and sentence.

 We find that Nesbitt's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Rule 11. Nesbitt was properly advised as to his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *United States v. DeFusco,* 949 F.2d 114, 119–20 (4th Cir.1991).

We find that the district court properly computed Nesbitt's offense level and criminal history category and correctly determined the applicable guideline range of one hundred twenty * to one hundred thirty-five months. Nesbitt's sentence was within this range. *See United States v. Jones,* 18 F.3d 1145, 1151 (4th Cir.1994) (holding that imposition of a sentence within the properly calculated range is not reviewable).

As required by *Anders,* we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Nesbitt's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

* Nesbitt was subject to a mandatory minimum sentence of one hundred twenty months. *See* 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp.2004).